upon the Mayor and City Council of New Orleans, as upon all persons and parties interested in the lots, lands and premises mentioned in said report, &c." The 6th section provides, " that said Mayor and City Council shall, within two calender months after the confirmation of the report, pay to the respective persons mentioned in said report, in whose favor any sum or sums of money shall be estimated and reported, the respective sums reported in their favor, and in case of neglect or default, such person, after application made to said Mayor and City Council for payment thereof, may sue for and recover the same with six per cent. interest, &c."

Whether the Commissioners had any legal authority to pass upon their own claim, or that of others, for services rendered to the appellant or not, is a question which we are not now called upon to determine. We do not think that this section of the statute can be construed to mean that the right of appeal, even in relation to the claims adverted to, is barred by the delay of two calendar months. This delay is clearly applicable to the payment of the sums assessed by the Commissioners, giving to the creditors, after its expiration, the right to proceed by suit against the city. We are clear that the second ground on which the appellees rely for the dismissal of the appeals, is equally untenable. The report of the Commissioners, as we have seen, was confirmed by the court below, " on motion of *J. Livingston, Esq.*, attorney for the city and the Commissioners." Under these circumstances, it is obvious that the judgments appealed from cannot be considered as having been confessed by the appellant.

It is therefore ordered and decreed that the motion of the appellees for the dismissal of the appeal in this case, be overruled.

Mr. Chief Justice SLIDELL not sitting in this case.

---

## SAME CASE.

The assessment directed by the 3d section of the Act of 1832, in reference to the opening and improvement of streets, applies exclusively to the property to be expropriated. The Commissioners are not authorized to include in such assessment their own fees and other expenses.

VOORHIES, J. This case has already been before us on a motion to dismiss the appeal. (*Ante.* p. 311.)

The principal objection urged by the appellant to the judgments appealed from, is, that the Commissioners improperly passed upon and allowed in their report the following claims, as compensation for services rendered in opening Philip and other streets, to wit: $2,200 to *John Livingston*, City Attorney, $1,320 to *Hugh Grant*, civil engineer, $1,100 to *James Gillmore*, clerk, and $9,900 to themselves.

In this particular, we think the report is clearly erroneous. The third section of the Act of 1832 points out the mode of making the assessment of property required for the opening and improvement of streets, and makes it the duty of the Commissioners to file a copy of such assessment with the Clerk of the court. This assessment, it is obvious, applies exclusively to the claims of persons whose property is required for such improvement. In their assessment, the Commissioners are required to set forth the names of " the respective owners, lessees, parties, and persons entitled to, and interested in, the said lots and premises." The sixth section prescribes the manner of enforcing the payment

ORLEANS PRAYING
FOR OPENING
OF PHILIP ST. of the respective sums estimated "in favor of the persons mentioned in said report." It is true the Commissioners are also required to make an estimate of the probable cost and expense of making such improvements, but it is clear to our minds that the Legislature intended that such estimate, in connection with the assessment required to be filed with the Clerk, should be submitted to the consideration of the City Council. This construction is consonant to the 9th section, which provides that " each of the Commissioners shall be entitled to receive the sum of not more than $5 for each day they shall respectively be employed in the duties of their appointment, over and above clerk hire and other actual expenses: provided, that in no case shall the compensation to be granted to the three Commissioners exceed $450; the same to be paid by the Mayor and City Council, on a detailed account of said expenses, certified by at least two of said Commissioners, and to be included as part of the expenses of said improvement in the above mentioned assessment. Under the third section, the Commissioners are authorized to have such surveys and plans made as they may judge necessary. It is evident that the expenses resulting from this, must be settled in the manner pointed out in the ninth section of the Act. In other respects, we are of opinion the report of the Commissioners is correct.

It is therefore ordered and decreed that the judgment of the court below be avoided in so far only as it relates to the claims of the Surveyor, Clerk, Attorney and Commissioners, as set forth in the report of the Commissioners, that said claims be stricken out of said report without prejudice, said appellees to pay the costs of this appeal, and that in other respects said judgment be affirmed.

Mr. Chief Justice SLIDELL not sitting in this cause, having recused himself on the ground of interest.

---

## MICOU's EXECUTORS *v.* STACY et als.

The vendor of a contingent interest in lands who warrants title, as to himself and those claiming under him, and who takes a counter letter conditioned that the vendees will convey to him one-third of the land that may be confirmed to them after adjusting the claims of certain settlers on the land, has not such a title as will authorize him to be recognised as a co-proprietor in a suit for partition, between parties claiming by title from his vendees.

The holder of such a counter letter would have no right as against his vendees, when their title to a portion of the land had been confirmed, only by compromise with parties claiming under an assignment from him prior to the date of the counter letter.

The registry in the mortgage book of such a counter letter, even if it be regarded as a title or conveyance, would be no notice to a purchaser.

APPEAL from the District Court of Concordia, *Cooley*, J. *Hamner & Hays*, for *Bringier*, appellant. *Hynes, Stacy & Sparrow*, in pro. per.

SPOFFORD, J. (BUCHANAN, J. and OGDEN, J. absent). The District Judge did not err in rejecting the pretensions of *Louis Bringier* to a share in the partition.

To have allowed him a definite share in the lands on their proceeds, under the pleadings as between him and *Stacy* and *Sparrow*, would have been to recognise in him a sufficient legal title to sustain a petitory action against them as adverse possessors.

He has produced no such title.